## BURTON R. TUBBS *vs.* GILBERT LYNCH.

Where land is vacant, and the title in the State, all occupiers are trespassers; and one cannot maintain trespass against another.

A grant from the State may be presumed on an uninterrupted possession of fifty or sixty years.

Persons occupying vacant land in mixed possession prior to the act of 1843, become tenants in common under that act.

A person petitioning the legislature for a grant of land stated by him to be vacant, and accepting a grant, is *estopped* to deny that it was vacant.

The investigation of a dispute between members of a church, by a committee, according to church regulations, though applied for by both parties, and attended by both, can have no effect on their legal rights, and the award of the committee is not evidence in a court of law.

OCTOBER term, 1847. This was an action of trespass quare clausum fregit, to try the title to seven acres of land, in Baltimore hundred.

After the dispute arose between the parties, who were both members of the Methodist Episcopal Church, the matter was brought before the church by both parties, and a committee was appointed by the preacher in charge, to settle the difficulty. The parties met this committee, who heard the case, and reported in writing. The award was offered in evidence, and objected to.

*By the Court.*—The object of this proceeding was not to have any binding effect in law on these parties. It was entirely a disciplinary church proceeding. The parties could not choose, but submit to it as members of the church. So far from being conclusive against them in a court of law, it was a necessary first step towards a lawsuit; as members of this church cannot go to law with each other until the matter has first been stirred in the church. The action of the church is designed to have a moral, and not a legal result; the penalty of not abiding by it is no other than church discipline; and to give it a legal consequence, or efficacy, would be to compel members of that society to submit their rights to the decision of a church committee, withdrawing them from the legal tribunals of the country. The report itself of this committee, is not binding and final even in the church, but is subject to be revised on application of either party to the church authorities. Evidence rejected.

*Houston* and *M'Fee*, for defendant, argued that to maintain this suit the plaintiff must show an actual exclusive possession of the premises. The property was a tract of vacant woodland. The title was in the State. Any cutting upon it was a wrong done to the State, not to any individual; neither could any one obtain a title by possession against the State. Nor did the act of 1843 give plaintiff a title, as he was not in exclusive possession.

Where a person is in possession of inclosed land and has the legal title to adjoining uninclosed land, the title draws to it the possession; but not so as to land of which the party has no title. No trespasser could ever obtain such a possession of vacant land as to give him a title against the State, previous to the act of 1843. (6 *Comyn's Dig.* 64; 20 *Vin. Abr.* 463-4; 17 *Ibid* 216; 2 *Saund. Pl. & Ev.* 866; 10 *Eng. Com. Law Rep.* 412.) Plaintiff had, therefore, shown no title in himself.

The defendant's title begun by a proprietary grant and survey, dated in 1776, which included this land; but on a resurvey had in 1778, it was by mistake omitted. Though thus thrown out of his resurvey the defendant was in possession under the original survey in 1776, and ever since.

The proprietary warrant and survey of 1776, were offered, and

ruled out, as being inconsistent with the defendant's patent subsequently accepted from the State, and which he was estopped to deny.

The plaintiff exhibited a private act of assembly, passed in 1846,. on his petition stating this to be vacant land, and authorizing him to locate it; under which it was surveyed and located; but the title never completed; the defendant having filed a caveat.

*Mr. Layton*, his counsel, though admitting that where there is a mixed possession, the party cannot recover or defend on such possession merely, insisted that he had proved at least a mixed possession in the whole for thirty years, and an exclusive possession of a part since a division between plaintiff and defendant eight or nine years ago. That a man in the exclusive possession of land, though without title, could maintain trespass against any but the rightful owner. He questioned the cases cited from Comyn and Viner. (2 *Saund. Pl. & Ev.* 866; 8 *East Rep.* 394; 7 *Com. Law Rep.* 203; 4 *B. & Cres.* 574; 6 *D. & Ryld.* 572.) He also contended that the defendant was estopped by an act in pais to deny the plaintiff's possession, having put him in possession eight or nine years ago. (*N. Y. Digest* 877; 3 *Hill's Rep.* 215.) Such a parol partition, though it gave no title to vacant land, bound the parties to it, by estoppel. (4 *N. Y. Dig.* 626; 14 *Wend. Rep.* 619.) And that by the act of 1843, which gives title against the State to persons in possession of vacant land for twenty years; plaintiff was entitled to this land. (9th vol. 454.) For although the possession was mixed for a long time, or even if defendant had the possession, he surrendered it eight years ago, and his possession enured to plaintiff.

The Chief Justice charging the jury stated: 1st. That actual and exclusive possession was necessary to maintain trespass. 2d. That in case of a mixed possession the law adjudges the possession to follow the legal title.

The land in dispute was not covered by the legal title, as exhibited by the papers or documents of either party. It was, therefore, vacant land. In such case both were joint trespassers against the State, and neither could maintain an action against the other. But if the defendant, and those under whom he claims, had been in the uninterrupted enjoyment and possession of this land for upwards of forty or fifty years prior to the year 1836, a grant might be presumed by the jury to have been made by the State. If at that time the defendant agreed to, and did actually establish a line of division with the plaintiff, and put plaintiff in possession to the west of that line, with the liberty of cutting the timber, he had no right to invade that possession.

But if the arrangement and division was broken up by the act of Tubbs, if he treated the whole as vacant land, claiming a mixed possession, then the plaintiff had no right to recover. Both parties were in such case to be considered as tenants in common, and the case came within the third section of the act of 1843. And that the plaintiff was estopped from denying this to be vacant land, by his petition to the legislature in 1845, stating it to be vacant, and the acceptance of a grant from the State.

Verdict for defendant.

*Layton,* for plaintiff.
*Houston* and *M'Fee,* for defendant.